FILED
SUPERIOR COURT
OF GUAM

2014 OCT 17 PM 3: 30

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT
## OF GUAM

THE PEOPLE OF GUAM,

    v.

ROBERT NAPUTI CASTRO,

      Defendant.

CRIMINAL CASE No. CF0140-14

**DECISION AND ORDER**

## INTRODUCTION

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Defendant's motions to dismiss indictment for: lack of legal sufficiency, prosecutorial vindictiveness and lack of reasonable cause, and the People's second motion to request the Court to identify a conflict of interest were taken under advisement on October 3 and 6, 2014 respectively. The People are represented by Assistant Attorney General, Sean E. Brown. Defendant is represented by attorney Peter C. Perez. Having reviewed the memorandum and papers presented, the Court now issues the following decision granting in part Defendant's motions and denying the People's request to find a conflict of interest.

## BACKGROUND

On March 17, 2014 an indictment was entered charging Defendant with: 1) Simple Stalking, as a Third Degree Felony; 2) three counts of Fourth Degree Criminal Sexual Conduct,



as a Misdemeanor; and 3) Harassment, as a Petty Misdemeanor, for acts allegedly committed on January 23, 2013.

I.

On August 15, 2014, Defendant filed three motions to dismiss the indictment. Mot. at 1. In his first motion he argues that the first charge of the indictment is not sufficient to adequately allow him to defend against the charges and is not specific enough to bar subsequent prosecution. *Id.* at 2-3. Specifically he argues that the indictment fails to address the following issues: 1) what were the 'repeated' instances of conduct; 2) what instances of conduct were 'following;' 3) what instances of conduct were 'harassment;' 4) how did the defendant act 'maliciously.'

In his second motion Defendant asserts and argues that the People in an act of vindictiveness brought the instant indictment because Defendant exercised his procedural, statutory and constitutional rights, including retaining private counsel. Mot. at 1. In support of this argument Defendant cites to 14 pages of additional discoverable material not provided to him initially and the two additional charges brought against him in the indictment. *Id.* at 2-4. He argues that because the additional charges were brought after he had opposed the People's motion to identify a conflict of interest and disqualify his attorney he is entitled to a presumption of vindictiveness. *Id.* at 5-7.

In his third motion Defendant argues that there was not sufficient evidence presented to the grand jury for it to find that there was reasonable cause to believe that he committed the first charge of his indictment. Mot. at 1. In support of this argument Defendant summarizes the testimony presented to the grand jury and argues there was no evidence of a malicious and repeated following and harassing of the victim. *Id.* at 2-3.

The People filed its opposition on August 22, 2014. Opp. at 1. As to the notice sufficiency of the indictment's first charge of stalking the People argue that the indictment specifies a narrow time frame, a specific victim and provides the statutory description of the alleged criminal acts. *Id.* at 3. It argues that these are sufficient and that absent a showing of prejudice, Defendant's remedy is to request a bill of particulars. *Id.*

Regarding Defendant's challenge of the sufficiency of the evidence needed for the grand jury to find reasonable cause for the charge of stalking, the People cite to the victim's testimony at the grand jury. *Id.* at 4-7. It asserts and outlines the victim's grand jury testimony detailing the exact and numerous occasions when the Defendant made sexual advances. *Id.* at 4-6.

As to the Defendant's motion for prosecutorial vindictiveness the People argue that Defendant has not met its burden of showing direct evidence of actual vindictiveness or facts that warrant an appearance of vindictiveness. Opp. at 8. The People further assert that the independent reason why an indictment was brought by it was related to the victim subsequently requesting that more serious charges be brought. *Id.* It asserts that the timing of the indictment and the denial of People's motion to disqualify Defendant's attorney were coincidental, that the cases cited by Defendant are distinguishable and a matter of Attorney Perez's professional responsibility as opposed to an exercise of Defendant's constitutional right. *Id.* at 9-10.

Defendant filed no papers in reply.

II.

The People filed its second motion to identify a conflict of interest on August 20, 2014. Mot. at 1. In it the People argue that new evidence has been discovered regarding attorney Perez's prior representation as guardian of the victim's son Isaiah and that during that

representation he interacted with and provided legal advice to the victim. *Id.* at 2-3. In support of this argument the People cite to a billing summary detailing the services attorney Perez provided to the victim. *Id.* at 3-4. The People argue that this is sufficient to infer that attorney Perez, during that representation, obtained related and confidential information and assert and argue that potentially being cross examined by her former attorney will place the victim as well as attorney Perez in an uncomfortable and unethical situation. *Id.* 4-5.

Defendant filed his opposition to the People's motion on September 19, 2014. In it attorney Perez asserts that he has never represented the victim in any matter relating to the issues in this case. Opp. at 2. Specifically he argues and asserts that the matter referred to by the People was a civil matter involving a motor vehicle accident and death of victim's child's father and was unrelated to the instant. *Id.* at 2-4. He argues that accordingly his prior involvement in the representation of the child fall outside of the scope of the rules of professional conduct, he possessing no disadvantageous or prejudicial information. *Id.* at 4-5.

## DISCUSSION

I.

In November of this year the Guam Supreme Court explained that an "indictment serves two essential purposes: it affirms that the grand jury found probable cause for the charges in the indictment, and it gives the defendant notice of the charges." *Guam v. San Nicolas*, 2013 Guam 21 ¶ 12. Pertinent to a discussion of the sufficiency is section 55.10(a) of Title 8 the Guam Code Annotated. 8 GCA § 55.10(a) (2013). It provides,

> (a) The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall be signed by the prosecuting attorney. It need not contain a formal commencement, a formal conclusion or any other matter not necessary to such statement. Allegations made in one count may be incorporated by reference in another count. It may be alleged in a single count that the means by which the

defendant committed the offense are unknown or that he committed it by one or more specified means.

8 GCA § 55.10(a) (2008).

The 9th Circuit Court of Appeals has held, "that the failure of an indictment to detail each element of the charged offense generally constitutes a fatal defect." *U.S. v. Keith*, 605 F.2d 462 (9th Cir. 1979). In 2006 the Guam Supreme Court explained that an indictment is sufficient where, "it contains the elements of the crime alleged, adequately informs the defendant of the crime to allow him to defend against the charges, and is stated with sufficient clarity to bar subsequent prosecution for the same offense." *Guam v. Jones*, 2006 Guam 13 ¶ 3. When analyzing sufficiency "[i]t is also well established that an indictment should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied." *Id.*

Here the first charge of the indictment provides,

On or about the 23rd of January, 2013, in Guam, Robert Naputi Castro did commit the offense of Simple Stalking, in that he did intentionally, willfully maliciously and repeatedly follow and harass another person, that is, L.C.M. (D.O.B: 12/02/1976), in violation of 9 GCA §§ 19.70(a) and (d).

Indictment at 1. Under the above standards the Court is unable to find that this charge is insufficient. *Jones*, 2006 Guam 13 ¶ 3. It provides a narrow time, a description of specific acts, and identifies the person and place where those acts were committed. Accordingly it reasonably allows Defendant to address the issues raised, prepare a defense, and bar subsequent prosecution. *Id.*

II.

In 1987 the Guam Appellate Division explained the standards applicable to a review of a claim of vindictive prosecution. *People of Territory of Guam v. Camacho*, 1987 WL 109395,

at *2 (D. Guam App. Div. 1987). It held, "[w]hen a defendant alleges vindictive prosecution by the government, he has the initial burden of establishing an appearance of vindictiveness. The burden then shifts to the prosecution to prove that a vindictive motive does not exist." *Id.*

To meet this initial burden the *Camacho* court explained that, "the vindictive prosecution doctrine applies when the government increases the charge's severity or the sentence is increased in response to an exercise of constitutional rights." *Id.*; *People of Territory of Guam v. Fegurgur*, 1986 WL 68511, *2 (D. Guam App.Div. 1986). Additionally, a Defendant must asserts sufficient facts to support a finding that the alleged increase constituted a substantial threat of demonstrable prejudice or that it was demonstrably prejudicial. *Id.* Once the burden has shifted the Court held that "vindictiveness is not present if there are independent reasons or intervening circumstances to justify the prosecutor's action." *Camacho*, 1987 WL 109395, at *2. The court explained that "[t]he prosecutor's initial charging decision should not freeze future conduct and the government may re-evaluate the societal interest in prosecution prior to trial." *Id.*

In this case, on September 7, 2013, a Magistrate Complaint was filed charging Defendant with two counts of Fourth Degree Criminal Sexual Conduct, as a Misdemeanor and one count of Harassment, as a Petty Misdemeanor. The case was dismissed without prejudice on April 7, 2014, after the People sought and obtained an indictment instant case. As set forth above the indictment added the charge of Simple Stalking, as a Third Degree Felony, and an additional count of Fourth Degree Criminal Sexual Conduct.

Here, Court is not persuaded Defendant has met his initial burden. Defendant fails to assert sufficient facts to link the exercise of a constitutional right to the People's March 17, 2014, indictment. Defendant's opposition to a finding of a conflict of interest was filed

November 7, 2013 and the court's order deciding the issue was filed on February 7, 2014. These occurrences are too remote to be causally linked. *Fegurgur*, 1986 WL 68511, *2. Furthermore Defendant fails to analyze or assert sufficient facts to support a finding of significant threat or demonstrable prejudice. *Camacho*, 1987 WL 109395, at *2. Absent this the burden does not shift. *Id.*

III.

Section 50.42 of Title 8 of the Guam Code provides,

> The grand jury shall receive only competent evidence but the fact that evidence which is incompetent was received by the grand jury does not render the indictment void where sufficient competent evidence to support the indictment was received by the grand jury.

8 GCA § 50.42 (2013). In November 2013, the Guam Supreme Court, citing Section 50.54 of Title 8 of the Guam Code, explained that "a grand jury serves a gatekeeping function by considering the sufficiency of the evidence to support an indictment." *San Nicolas*, 2013 Guam 21 ¶ 11. Section 50.54(b) provides, "(b) [t]he grand jury shall find an indictment when from the evidence presented there is reasonable cause to believe that an indictable offense has been committed and that the defendant committed it." 8 GCA § 50.54 (2013).

Inherent within this function and these mandates is the People's duty to present to the grand jury some evidence of each of the essential elements of a charge. See, *People of Territory of Guam v. Quidachay*, 1986 WL 68912 at *1-2 (D. Guam App. Div. 1986). While *Quidachay* clarifies that it would be unwise to allow for the re-consideration of whether the evidence that was presented to a grand jury was competent or credible, axiomatic to the statute's existence is the Court's duty to ensure that some evidence of each element was presented. *Id.*

In this case the first charge of the indictment requires that the grand jury be presented with some evidence of the Defendant's repeated following and harassment. While it appears

that evidence was presented of repeated harassment over a span of months, the time period set forth in the indictment spans one day, not a span of months. Accordingly the Court is unable to find sufficient evidence to support the element of repeatedness over the time period specified. *Id.*

IV.

Rule 1.9(a) of Guam Rules of Professional Conduct provides,

A lawyer who, has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Guam R. Prof'l Conduct 9.1(a). Paragraph 20 of the Preamble to the Guam Rules of Professional Conduct provides in part that,

. . . the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a Rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the Rule.

*Id.* at Preamble ¶ 20.

In 2002 the Guam Supreme Court analyzed Rule 1.9. *Guerrero v. Moylan*, 2002 Guam 18 ¶ 49. It explained that while Rules 1.7 and 1.9 of the Guam Rules of Professional Conduct, "both address an attorney's conflict of interest, and prohibit an attorney from representing a client whose interests are adverse to the interests of another former or current client. . . . . this court may question whether [Movant] has standing to assert a conflict of interest and disqualify opposing counsel." *Id.* Additionally, the Court explained that a finding of a materially adverse interest must be supported by a showing of prejudice. *Id.* at ¶ 51.

In this case the Parties have made directly conflicting assertions regarding the extent and degree if any that Mr. Perez represented or discussed confidential information with the

victim. Under the above standard and in light of the conflicting assertions the Court is not persuaded that there has been a sufficient showing of facts for it to require the recusal of Mr. Perez from this action. Based upon the limited and non-specific assertions of the People the Court is unable to find that the information that may have been reviewed by Mr. Perez is prejudicial nor that he has acquired from the interaction information that would now be harmful. Absent this the Court is unable to grant People's request.

## CONCLUSION

Based on the foregoing, Defendant's motion to dismiss charge one, Simple Stalking, as a Third Degree Felony, is GRANTED. The charge is dismissed without prejudice. Defendant's other two motions to dismiss for lack of legal sufficiency and prosecutorial vindictiveness are DENIED. The People's motion to request the court to identify a conflict of interest is DENIED. Further Proceedings are set for _Nov. 10, 2014_ , _____2014 at 9:00 am.

SO ORDERED, this __17__ day of __Oct.__ 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:

Peter C. Perez, Esq.

Date: 10/17/14 Time: 4 pm

Deputy Clerk, Superior Court of Guam